On April 19, 1994, the Coshocton County Grand Jury indicted appellant, Raymond Mauller, on one count of rape in violation of R.C. 2907.02(A)(1)(b) and one count of gross sexual imposition in violation of R.C. 2907.05(A)(4). Said charges arose from incidents on or about February 20, 1994, involving two girls, both under the age of thirteen.
On November 14, 1994, appellant pled guilty to an amended charge of sexual battery (R.C. 2907.03), the gross sexual imposition count and an additional count of sexual battery on a bill of information. By judgment entry filed November 17, 1994, the trial court sentenced appellant to a total definite term of five years in prison.
On March 9, 1998, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entry filed March 11, 1998, the trial court classified appellant as a "sexual predator."
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE COURT'S DECISION VIOLATES THE OHIO AND FEDERAL CONSTITUTIONS BY LABELING THE DEFENDANT AS A SEXUAL PREDATOR AND SUBJECTING HIM TO THE REQUIREMENTS OF O.R.C. 2950.
II
O.R.C. 2950.09(C) IS VOID FOR VAGUENESS.
III
 THE DECISION OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I, II
This court has previously reviewed these arguments inState v. Royce Albaugh (February 1, 1999), Stark App. Nos. 1997CA00167 and 1997CA00222, unreported, State v. Earl Bair
(February 1, 1999), Stark App. No. 1997CA00232, unreported, andState v. Frederick A. McIntyre (February 1, 1999), Stark App. No. 1997CA00366, unreported. We hereby adopt and incorporate the corresponding assignments of error from these opinions herein.
Assignments of Error I and II are denied.
 III
Appellant argues the trial court's classification was against the manifest weight of the evidence. We disagree.
In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v.Foley Construction (1978), 54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offense;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The bill of particulars filed March 11, 1998 indicates appellant engaged in vaginal intercourse with a girl under the age of thirteen. Appellant also touched the genitals and erogenous zones of another girl under the age of thirteen. At the hearing, the trial court was informed these victims were "the second generation" as at one time appellant's parole had been revoked "when he molested the 10 and 7-year-old daughters." T. at 4. The trial court considered "the criteria established by law, the statements and arguments of the respective counsel on both sides, the content of the file which begins with the indictment dated April 19th, 1994, and * * * the content of the parole board investigation done by the Adult Parole Authority [Case No. 94-CR-53]." T. at 7. Based upon these considerations, the trial court concluded appellant should be classified a "sexual predator" as defined in R.C.2950.01(E).
Based upon our review of the record, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence.
Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Edwards, J. concur.
-------------------
-------------------
 ------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Coshocton County, Ohio is affirmed.
-------------------
-------------------
 ------------------- JUDGES